Jeffrey J. Greenbaum, Esq.
Gregory E. Reid, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Phone: (973) 643-7000
*Attorneys for Defendant*
*Costco Wholesale Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL TOTH, Plaintiff, | Civil Action No.________________ |
| -against- | **NOTICE OF REMOVAL** |
| COSTCO WHOLESALE CORPORATION, Defendant. | *(Document Electronically Filed)* |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE that, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Costco Wholesale Corporation ("Costco") hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Ocean County, to the United States District Court for the District of New Jersey, the grounds for removal are as follows:

## I. LOCAL CIVIL RULE 10.1 COMPLIANCE

1. Pursuant to L. Civ. R. 10.1 of this district, the known addresses of the named parties are as follows: Upon information and belief, and as set forth in his complaint, Plaintiff Daniel Toth is an individual residing at 1111 Roberts Drive, Point Pleasant, New Jersey. Plaintiff is

represented by the Lueddeke Law Firm, located at 215 Morris Avenue, Spring Lake, New Jersey 07762.

2. Defendant Costco is a corporation organized and existing under the laws of the State of Washington, with its principal office located at 999 Lake Drive, Issaquah, Washington 98027. Costco is represented by Sills Cummis & Gross P.C., located at One Riverfront Plaza, Newark, New Jersey 07102.

## II. INTRODUCTION AND PROCEDURAL HISTORY

3. On September 17, 2025, Plaintiff Daniel Toth, on behalf of himself individually and on behalf of all others similarly situated (hereinafter, "Plaintiff"), filed a putative class-action lawsuit against Costco in the Superior Court of New Jersey, Law Division, Ocean County, captioned *Daniel Toth v. Costco Wholesale Corporation*, OCN-L-2530-25.

4. Through the Class Action Complaint ("Complaint"), Plaintiff asserts putative class claims against Costco for alleged violations of the New Jersey Consumer Fraud Act and the Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA") relating to Costco's sale of motor oil in New Jersey over a six-year period. A copy of the Complaint and all other processes, pleadings, and/or orders filed in the state court action is annexed hereto as Exhibit A.

5. Costco first received knowledge of the Complaint through Plaintiff's service of the Summons and Complaint on September 23, 2025. See Exhibit A.

6. Accordingly, and in compliance with 28 U.S.C. § 1446(b), this Notice has been timely filed within thirty (30) days of Plaintiff's service of the Summons and Complaint on Costco.

7. Costco has complied with all relevant procedural requirements of 28 U.S.C. § 1446, namely "all process, pleadings, and orders served on" Costco are attached hereto as Exhibit A. Costco will also "promptly after the filing of" this Notice, "give written notice thereof to all

adverse parties," and Costco "shall file a copy of the notice with the clerk of [the] State court" in compliance with 28 U.S.C. § 1446(d).

## III. THE PARTIES

8. Plaintiff is an individual who alleges that he is a resident of Point Pleasant, Ocean County, New Jersey. Complaint, ¶ 2.

9. Defendant Costco is a corporation organized and existing under the laws of the State of Washington, with its principal office located at 999 Lake Drive, Issaquah, Washington 98027.

## IV. BASIS FOR REMOVAL

10. Removal is proper pursuant to 28 U.S.C. § 1441 as this Court has original jurisdiction over this Action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

11. Specifically, removal under CAFA is appropriate because: (1) the number of class members in the aggregate exceeds 100; (2) at least one member of the putative class is a citizen of a different state than Costco; (3) the amount in controversy as pled exceeds $5 million; and (4) the Complaint asserts a putative class action.

12. A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

13. Under CAFA, federal district courts have original jurisdiction over class actions where (1) the aggregate sum of the class members' claims exceeds $5,000,000; (2) at least one member of the putative class is diverse from at least one defendant; and (3) the class has at least 100 members. See 28 U.S.C. § 1332(d)(2), (d)(5)(B); Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 592 (2013).

14. "Congress enacted CAFA to facilitate class actions in federal court, and its 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" Gallagher v. Johnson & Johnson Consumer Cos., Inc., 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014)).

**A. The Aggregate Number of Proposed Class Members Exceeds 100.**

15. Here, the aggregate number of proposed putative class members, as pled, far exceeds the threshold of 100 members under CAFA.

16. Plaintiff seeks to certify a class defined as follows: "All New Jersey consumers who, at any time on or after the day six years prior to the date on which this Complaint is filed, purchased motor oil at a Costco store." Complaint, ¶ 1 of Class Allegations.

17. Costco has sold over 200,000 units of motor oil during the proposed class period.

18. Because "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater, the class size requirements for diversity jurisdiction under CAFA have been met. See 28 U.S.C. § 1332(d)(5)(B).

**B. Diversity Jurisdiction Exists Under CAFA.**

19. Diversity jurisdiction exists under CAFA when at least one member of the proposed class of plaintiffs is a citizen of a state different from any defendant. See 28 U.S.C. § 1332(d)(2)(A).

20. Plaintiff resides in Ocean County, New Jersey. Complaint, ¶ 2.

21. Costco is a Washington corporation, with its principal place of business in Issaquah, Washington. Id.

22. Diversity jurisdiction under CAFA is, therefore, met here. See 28 U.S.C. § 1332(d)(5)(B).

**C. The Amount in Controversy as Pled Exceeds $5 Million.**

23. Where, as here, the state court pleading seeks either non-monetary relief or state practice does not require the demand of a specific sum of damages, the notice of removal may state the amount in controversy in the first instance. See 28 U.S.C. § 1446(c)(2)(A).

24. Indeed, a removal notice need only "contain[ ] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

25. Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" Dart Cherokee, 574 U.S. at 87 (quoting H.R. Rep. No. 100-889, at 71 (1988); see also Papp v. Fore-Kast Sales Co., Inc., 842 F.3d 805, 811 (3d Cir. 2016).

26. When assessing the amount in controversy for putative class actions removed under CAFA, "[i]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." See Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

27. A good-faith estimate of the amount in controversy as pled exceeds $5,000,000.

28. Specifically, the Complaint alleges that the amount charged by Costco for motor oil over a 6-year period was procured by fraud, and therefore, seeks an accounting to determine the amount Costco has allegedly illegally profited at the class members' expense and disgorgement to the class of such funds. Complaint, Count One and Prayer for Relief ¶ h. The Complaint also

seeks a civil penalty of not less than $100 per violation of the TCCWNA, compensatory damages in an amount to be determined at trial, treble damages under the New Jersey Consumer Fraud Act, punitive damages, attorneys' fees, and costs of suit. See Complaint, Prayer for Relief.

29. Therefore, when considering all the relief sought by the purported class, in the aggregate, the amount in controversy as pled far exceeds $5 million.

**D. The Complaint Asserts a Putative Class Action.**

30. CAFA defines a class action as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1711(2).

31. The Complaint was filed as a class action pursuant to New Jersey Rule of Court 4:32. Complaint, Class Action Allegations ¶ 1.

32. New Jersey Rule of Court 4:32 is analogous to Fed. R. Civ. P. 23 because it authorizes an action to be brought by one or more representative persons as a class action.

**E. Venue of Removed Action**

33. The United States District Court for the District of New Jersey is the United States District Court embracing the Superior Court of New Jersey, Law Division, Ocean County, where this action was filed and is currently pending. Therefore, venue is proper in the United States District Court for the District of New Jersey under 28 U.S.C. § 1441(a).

34. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served by overnight delivery on Plaintiff by service upon his attorney of record, and will be filed with the Clerk of Superior Court of New Jersey, Law Division, Ocean County.

35. By filing this notice, Costco does not waive and expressly reserves its right to raise any and all defenses and objections which may be available to it.

WHEREFORE, for the reasons set forth herein, Defendant removes this action from the Superior Court of the State of New Jersey, Law Division, Ocean County, to the United States District Court for the District of New Jersey.

Dated: October 22, 2025

Respectfully submitted,

*/s/ Gregory E. Reid*

Jeffrey J. Greenbaum, Esq.
Gregory E. Reid, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Phone: (973) 643-7000

*Attorneys for Defendant*
*Costco Wholesale Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2025, I caused a copy of Defendant Costco's Notice of Removal to be served via email and FedEx overnight delivery on:

Ronald L. Lueddeke, Esq.
Lueddeke Law Firm
215 Morris Avenue
Spring Lake, NJ 07762
Ron@lueddekelaw.com
*Attorneys for Plaintiff Daniel Toth*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

*/s/ Gregory E. Reid*
GREGORY E. REID

Dated: October 22, 2025

Jeffrey J. Greenbaum, Esq.
Gregory E. Reid, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Phone: (973) 643-7000
*Attorneys for Defendant*
*Costco Wholesale Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL TOTH,<br><br>Plaintiff,<br><br>-against-<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Civil Action No._________________<br><br>**NOTICE OF REMOVAL**<br><br>*(Document Electronically Filed)* |

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Gregory E. Reid, hereby certify that this matter is not the subject of another action pending before this, or any other Court, except for the Ocean County court from which this case is being removed. I certify under penalty of perjury that the foregoing is true and correct.

Dated: Newark, New Jersey
October 22, 2025

Respectfully submitted,

*/s/ Gregory E. Reid*

Gregory E. Reid, Esq.